IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ALMA MCNEARY, Individually and as Administratrix of the
Estate of Nancy Nix Jones, Deceased, and on behalf of the
wrongful death beneficiaries of Nancy Nix Jones                                    PLAINTIFF

v.                                    No. 5:03CV00302 GH

THE TEACHING MINISTRY d/b/a TRINITY HEALTHCARE
d/b/a PINE BLUFF NURSING HOME, ET AL.                                    DEFENDANTS

**ORDER**

By order filed on June 1st, the Court found that the motion for summary judgment had been rendered moot in part, was granted in part and was denied in part.  The Court held that defendants were entitled to partial summary judgment as to the claim for medical malpractice and any other allegations encompassed in the remaining claims that implicate medical care by the applicable two-year statute of limitations; however, plaintiff was entitled to proceed on the remaining claims that do not implicate medical care or treatment.  Plaintiff was directed to file an amended complaint reflecting plaintiff's claims in conformity with that order.

On June 15th, plaintiff filed a second amended complaint to which Teaching Ministry filed an answer on June 24th.

Teaching Ministry filed a motion for summary judgment on July 22nd on the ground that the statute of limitations has expired on plaintiff's claims as it is now clear that the gist of the complaint is medical malpractice which claim the Court has previously ruled is barred by the two-year statute of limitations.  The motion was supported by brief and a separate statement of undisputed facts.

Teaching Ministry argues that, except for some minor wording, the second amended complaint simply copies the medical malpractice allegations from the first amended complaint and pasted them beneath the headings for negligence, outrage, breach of contract, residents' rights, and wrongful death. It continues that, other than the reconstituted medical malpractice allegations, the only allegations of "ordinary negligence" refer to various regulations which also pertain to the rendition of medical services; the outrage claim also is replete with references to medical care such as "acceptable nursing care;" the majority of the breach of contract claim refer to "physician care, nursing care, treatment and services;" the residents' rights act claim realleges her prior paragraphs in the complaint; and the wrongful death claim is derivative of the other claims which are barred.

On August 1st, plaintiff filed a response that its amended complaint left out allegations of medical malpractice and alleged more specifically the other claims. She contends that the second amended complaint makes allegations that defendant did not provide sufficient staff, properly trained staff and properly supervised staff so that Nancy Jones was not properly hydrated, fed, cleaned or turned – activities performed by nurses aides not requiring medical training or degrees.

Teaching Ministry filed a reply on August 26th that the gist of each claim in the second amended complaint is medical malpractice. It addresses in detail the categories of plaintiff's claims and how each constitutes medical malpractice as requiring the expert judgment of the nursing home as a health care provider such as skin care and decubitus ulcers, nutrition and weight loss, dehydration/fluid intake, medications, physical activities, a safe environment, personnel issues, policy issues, the other subparagraphs of the ordinary negligence claim and the introductory paragraphs, outrage, breach of contract, residents' right act, and wrongful death.

The Court once agrees with defendants that the majority of plaintiff's allegations continue to refer to medical and other specialized care; however, it still appears that there are other allegations that do not implicate medical treatment and so are not governed by the Medical Malpractice Act and its statute of limitations. The Court will give plaintiff one more chance to file an amended complaint that eliminates facts and allegations that implicate or mention medical or skilled nursing care, treatment or policies as pointed out in defendants' detailed reply.

Accordingly, Teaching Ministry's July 22nd motion (#22) for summary judgment is denied without prejudice to renew. Plaintiff is to file an amended complaint, within 15 days of the file-date of this order, that does not contain any facts or claims that implicate or mention medical or skilled nursing care, treatment or policies or includes any unnecessary language that is inconsistent with this or the June 1st orders.

IT IS SO ORDERED this 8th day of February, 2006.

*George Howard, Jr*
UNITED STATES DISTRICT JUDGE